UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SENATOR RON JOHNSON and
BROOKE ERICSON,

        Plaintiffs,

  v.                                      Case No. 14-C-0009

U.S. OFFICE OF PERSONNEL MANAGEMENT, *et al.*,

        Defendants.

**ORDER GRANTING MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS AND MOTION FOR LEAVE TO FILE OVERSIZED MEMORANDUM**

Plaintiffs Senator Ron Johnson and Brooke Ericson filed this action against the U.S. Office of Personnel Management (OPM) and Director Katherine Archuleta seeking a determination that a regulation promulgated by OPM related to the Patient Protection and Affordable Care Act (ACA) is unlawful. Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Plaintiffs lack standing under Article III of the United States Constitution. (Def. Mot. to Dismiss, ECF No. 6.) The motion to dismiss is not yet fully briefed and remains pending. Presently before the Court are two motions for leave to file amicus curiae briefs. (ECF Nos. 11, 13.) Defendants, who have taken no position on these motions, have filed a motion for leave to file an oversized memorandum should the Court accept one or both of the briefs.

Unlike the courts of appeal, there is no rule of procedure that governs motions for leave to life a brief as an amicus curiae in district court. However, the Seventh Circuit has explained that allowing an amicus curiae brief is a matter of "judicial grace." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. 2003) (Posner, J., in chambers). In the opinion, Judge Posner

notes that the court should "not grant rote permission to file such a brief," particularly when the proposed brief "essentially duplicates a party's brief." *Id.* (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2003)). He further notes, and I agree, that granting leave to file an amicus brief without reviewing whether the proposed brief aids the inquiry of the court misunderstands "the difference between the legislative and the judicial process." *Id.* An amicus brief—no matter how popular it may be—is not a "vote." *See id. at 545.* Moreover, the persuasive force of such a brief is entirely unrelated to the number of amici, their official positions, or the influence they may wield.

Rather, the criterion for deciding whether to accept a brief should be the same for any would-be amici: "whether the brief will assist the judge[] by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Id.* The criterion is more likely to be met when a party is "inadequately represented," when the proposed "amicus has a direct interest in another case," or the amicus presents "a unique perspective or specific information that can assist the court beyond what the parties can provide." *Id.* (citing *Nat'l Org. for Women*, 223 F.3d at 616–17; *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers); *Georgia v. Ashcroft*, 195 F. Supp. 2d 25, 32 (D.D.C. 2002)). After all, "the term 'amicus curiae' means friend of the court, not friend of a party." *Ryan*, 125 F.3d at 1063 (citing *United States v. Michigan*, 940 F.2d 143, 164–65 (6th Cir. 1991)).

Here, it cannot be said that the parties are inadequately represented or that the amici have a direct interest in another case that may be materially affected. Nor would it appear on the surface that they offer a unique perspective, as many of the amici are members of Congress like Senator Johnson. However, after carefully reviewing the proposed briefs, I conclude that they are not

2

duplications of the briefs submitted by the parties. Instead, the proposed briefs provide arguments, theories, and citation to legal precedent that will be useful to the Court in considering the Article III standing issue in this case. For example, the brief field by Representative Trent Franks, Americans for Tax Reform, the American Civil Rights Union, and The National Center for Public Policy Research advocates an apparently novel theory of standing for members of Congress—any member of Congress should have standing to challenge the "usurpations of legislative authority" because the member has an "inviolate interest in preserving his power as a United States Senator to vote on legislation." This broad argument is absent from Plaintiff's brief in opposition to the motion to dismiss. The second brief similarly provides arguments, particularly related to alleged injury to Plaintiffs' health benefits, that will be helpful to the Court and are not addressed by the parties. Finally, both amicus briefs provide additional factual background regarding the ACA and its regulations that the amici present as important "context" for this case, though at least some of this factual background would appear to go beyond the narrow issue of Article III standing.

Having considered the motions, the proposed briefs, the criterion laid out by Judge Posner, and the importance of the issues before the Court to the proposed amici, as well as the parties, the motions for leave to file an amicus curiae briefs are GRANTED. Further, recognizing the challenge that the additional arguments present to Defendants, their motion for leave to file an oversized memorandum up to, but not exceeding, 25 total pages is GRANTED.

**SO ORDERED** this ___28th___ day of April, 2014.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court